MOLINA LUMBER COMPANY v. VALLEY PLANING MILL COMPANY.

Opinion delivered December 18, 1911.

APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—Where the appellant insists that the court erred in refusing to give a certain instruction asked by it, and that the evidence is not legally sufficient to sustain the ver-

dict, but has failed to set out the instructions given by the court or the evidence in the case, the judgment of the lower court will be affirmed.

Appeal from Garland Circuit Court; *W. H. Evans*, Judge; affirmed.

*C. Floyd Huff*, for appellant.

*W. H. Martin*, for appellee.

McCULLOCH, C. J.    This is an appeal by the defendant from an adverse verdict and judgment in an action at law on account for building material alleged to have been sold and delivered by the plaintiff to the defendant.

It is insisted that the court erred in refusing to give a certain instruction requested by the defendant, and also that the evidence is not legally sufficient to sustain the verdict.

None of the instructions is set out any where in the abstract or brief; even the one referred to as having been refused is not set out.    Counsel merely refers to it by number and urges that the court erred in refusing to give it.    It is not our duty to explore the transcript for the purpose of determining whether or not the court erred in refusing to give instruction.    We must indulge the presumption either that the instruction was incorrect or that the court gave other instructions which covered it.

Neither does counsel abstract the testimony in the case. He merely states, very briefly, his conclusion as to the substance of the testimony.    This is not sufficient to call for a review here as to the legal sufficiency of the testimony.    The writer has taken the pains to read the record, and reaches the conclusion that the evidence was legally sufficient to warrant a submission of the questions of fact to the jury, but, under the rules of this court, before there can be a review of any question, there must be a sufficient abstract to enable the court to determine, without exploring the record, whether the grounds of attack upon a judgment are well founded.    This has been said in so many cases that it is unnecessary to cite decisions which support it.

Therefore, on account of the insufficiency of the abstract, the judgment must be affirmed, and it is so ordered.